UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
VINCENZO MINISSALE, MARIO
MINISSALE, and V&M PIZZA TOWN, INC.,

                                **MEMORANDUM & ORDER**

           Plaintiffs,

                                10 CV 3667 (RJD) (JMA)

    - against -

FABIO LAURIA, FRANK SANTA, and
PALM BEACH BUSINESS CONSULTANTS
INC. also known as PALM BEACH BUSINESS
CONSULTANTS, INC.,

           Defendants.
----------------------------------------------------------- x

DEARIE, District Judge.

        This case alleges breach of a soured investment contract. Plaintiffs Vincenzo and Mario Minissale, brothers and owners of V&M Pizza Town in Brooklyn, met and contracted with the Florida defendants in New York in 2005. Unable to recoup their investments—allegedly totaling $900,000—plaintiffs sued for breach of contract and related state law claims. Defendants moved to dismiss for lack of personal jurisdiction and for improper venue based on a contractual forum selection clause. On March 30, 2012, this Court denied defendants' motions by order, with an opinion to follow, and referred the parties to mediation. Since plaintiffs filed suit in August 2010, Lauria has run out of funds, the corporate defendant has dissolved, and Santa has been imprisoned (where he remains). Given the circumstances, the Court vacated its order to mediate and scheduled the parties for trial. The Court now refers the matter to Magistrate Judge Azrack for supervision of expedited discovery.

        The Court assumes the parties' familiarity with the complaint, which it reads in plaintiffs' favor.

Defendants move to dismiss because they argue that forum selection clauses in two applicable written contracts mandate litigation in Florida. Plaintiffs counter that these written contracts are irrelevant because their claims relate to an oral contract, which does not contain any forum selection clause. Plaintiffs "bear the ultimate burden of proving the forum selection clause was either not part of the contract or was unenforceable; nonetheless, [at the motion to dismiss stage] . . . they need only make a prima facie showing that such was the case." New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 26 (2d Cir. 1997) (emphasis original). Plaintiffs allege that their June 2005 oral contract governs defendants' investment obligations and that the June 2005 and May 2006 written contracts between plaintiffs and defendants are unrelated to their claims. Therefore, plaintiffs state a prima facie case that the forum selection clauses do not apply, and the Court denies defendants' motion to dismiss for improper venue. See Daisey Inds., Inc. v. K-mart Corp., 1997 WL 642553, at *3 (S.D.N.Y. Oct. 17, 1997) (Ellis, J.) (agreeing with plaintiff that oral contract, which did not include forum selection clause, rather than written contract, which did, governed suit).

Santa's and PBBC's motion to dismiss for lack of personal jurisdiction is also denied because plaintiffs allege a prima facie case of jurisdiction over defendants. See In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam) ("Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction."). Because federal jurisdiction is based on the parties' diversity, the laws of the forum state govern. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 901 (2d Cir. 1981). The Court evaluates personal jurisdiction separately for each cause of action. Rates Tech., Inc. v. Diorio, 626 F. Supp. 1295, 1297 (E.D.N.Y. 1986) (McLauglin, J.).

2

The Court has personal jurisdiction over Santa and PBBC for plaintiffs' breach of contract claim because Lauria, acting as the other defendants' agent, traveled to New York to negotiate and execute the contract at issue. Under New York C.P.L.R. § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state" when plaintiff's claim arises from that transaction. See also CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). A defendant "transacts . . . business within the state" when he negotiates and executes a contract in New York. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 166-67 (2d Cir. 2005) (master settlement agreement); George Reiner & Co., Inc. v. Schwartz, 41 N.Y.2d 648, 653 (N.Y. 1977) (employment contract). Mario and Vincenzo allege that Lauria, "under the direction of the other defendants," met with the brothers in New York, where the three negotiated and executed an oral investment contract. See Cutco, 806 F.2d at 366 (finding prima facie case of jurisdiction over defendant based on agent's trip to New York). Plaintiffs also allege a prima facie case of jurisdiction for their related tort claims under § 302(a)(2), which allows for personal jurisdiction over a non-domiciliary who "in person or through an agent . . . commits a tortious act within the state." Plaintiffs allege that Santa and PBBC, acting under the "direction" of Lauria, committed a number of torts against them, including fraud, which relate to the June 2005 meeting in New York and resulting oral contract. See Rates Tech., 626 F. Supp. at 1299 (finding jurisdiction over fraudulent inducement claim based on previous finding of jurisdiction over contract claim). Therefore, plaintiffs state a prima facie case of jurisdiction over defendants.

3

For the reasons stated above, the Court's July 2, 2012 order scheduling the parties for a pre-trial conference is vacated, and the case is referred to Magistrate Judge Azrack for any necessary discovery.

SO ORDERED.

Dated: Brooklyn, New York
      August 9, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

4